FILED
 2010 Aug-16  PM 04:25
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PNCEF LLC D/B/A PNC EQUIPMENT FINANCE F/K/A NATIONAL CITY COMMERCIAL CAPITAL COMPANY LLC,** | }<br>}<br>}<br>}<br>} |
| **Plaintiff,** | } |
| | } Case No.: 6:10-CV-01616-RDP |
| **v.** | }<br>} |
| **SIPSEY CREEK TRUCKING, INC.** | }<br>} |
| **Defendants.** | } |

## MEMORANDUM OPINION

The court has before it Plaintiff PNCEF, LLC d/b/a PNC Equipment Finance f/k/a National City Commercial Capital Company, LLC's ("hereinafter "Plaintiff") Motion for Default Judgment (Doc. # 8) against Defendant Sipsey Creek Trucking, Inc. ("Sipsey Creek" or "Defendant") based upon Defendant's failure to appear or otherwise respond to the allegations of the complaint.  For the reasons outlined below, the motion is due to be granted.

This action was commenced on June 22, 2010 by the filing of Plaintiff's complaint seeking monetary damages for alleged breach of contract and open account. (Doc. # 1).  A copy of the summons and complaint was served on Defendant on June 28, 2010.  (Docs. # 4, 6).  To date, Defendant has neither filed anything with the court in its defense nor contacted the court in any manner about this case, despite being served with a summons and a complaint.  Therefore, in response to Plaintiff's July 20, 2010, Motion for Entry of Default (Doc. # 5), on July 21, 2010, default was entered against Defendant by the Clerk of Court. (Doc. # 7).

Plaintiff now seeks a Rule 55(b) default judgment against Defendants for monetary damages in the amount of $209,899.51.  This amount represents past due amounts owed to Plaintiff pursuant to the two Promissory Notes executed by Defendant, unpaid interest, late charges, and reasonable attorney's fees and costs of collection.  (Doc. # 12).  Rule 55 (b) states:

(b) Entering a Default Judgment.

(1) **By the Clerk**. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) **By the Court**. In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least three days before the hearing.  The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed.R.Civ.P. 55(b)(1),(2).  Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[1] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk shall enter the party's default."  Fed.R.Civ.P. 55(a).

to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because a plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of Plaintiff and against Defendant is appropriate because the requirements of Rule 55(b)(1) are satisfied in this case. Plaintiff has submitted affidavit testimony evidencing that Defendant is not an infant or incompetent person (Doc. # 8-2), and that Defendant has failed to make payments pursuant to two Promissory Notes executed in favor of Plaintiff. (Doc. # 8-1). Upon default, the well-pleaded allegations of a complaint are taken as true. *E.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The affidavit testimony demonstrates that the monetary damages sought by Plaintiff are for a sum certain or for a sum which can by computation be made certain: the principal amount (including contractual interest and late fees) owed by Defendant under the Promissory Notes currently totals One Hundred Eighty-Two Thousand, Five Hundred Twenty-One and 31/100 ($182,521.31). (Doc. # 8-1 at 3). This amount is a sum certain calculated as follows:

    a.    $168,000.21 in unpaid principal;

    b.    $11,714.20 in unpaid interest; and

    c.    $2,806.90 in late charges.

(Doc. # 8-1). Accordingly, as to these amounts, Rule 55(b)(1) – and not 55(b)(2) – governs this case. Moreover, because these damages sought are for a sum certain, an evidentiary hearing is not necessary and the court can adjudicate the matter of default "upon request of the plaintiff and upon

affidavit of the amount due." Fed.R.Civ.P. 55(b)(1).  *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

Plaintiff's Motion for Default Judgment also seeks recovery of attorneys' fees in the amount of $27,378.20.  The Promissory Notes under which Plaintiff has sued provide for an award of "reasonable attorney's fees and costs of suit."  (Doc. # 8-1).  The amount sought by Plaintiff is fifteen per cent (15%) of the outstanding amount owed to it.  (Doc. # 8-1).  This component of Plaintiff's request is governed by Rule 55(b)(2) – not Rule 55(b)(1).[2]

Plaintiff has submitted two affidavits in support of its request for a 15% attorneys' fee, one from an employee of Plaintiff and another from Plaintiff's counsel.  (Docs. # 8-1 and 8-2).  Both affidavits state that the amount sought, 15% of the debt being collected, is reasonable.  In addition to the affidavits, based on experience with comparable fee requests in similar cases, the court finds that 15% is a reasonable attorney's fee under these circumstances.  *See, e.g.*, *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).  Therefore, Plaintiff is

---

[2]Although the attorney's fee request is governed by Rule 55(b)(2) rather than Rule 55(b)(1), a hearing, based on the present record, is unnecessary.  According to the Eleventh Circuit, "[a]n evidentiary hearing is not a per se requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone."  *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citation omitted).  A court is required to hold a hearing only if necessary "to a fully informed determination of damages."  *Id.*  Here, however, the court has sufficient evidence and experience to evaluate Plaintiff's fee request – a hearing would not appreciably alter the court's determination.

entitled to recover against Defendant 15% of the total debt as additional compensation for attorneys' fees.

Based upon the court's review of the affidavit testimony and the relevant case law, Plaintiff's request for the entry of a final default judgment against Defendant is due to be granted, and Plaintiff is due to recover from Defendant the total sum of $182.521.31 (*i.e.*, principal plus late fees and interest as of August 10, 2010). Finally, Plaintiff's request for attorneys' fees in the amount of 15% of the total debt, or $27,378.20, is due to be granted. The court will enter a final default judgment in favor of Plaintiff and against Defendant that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this      16th      day of August, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE